Euffin, C. J.
 

 Upon the supposition, that the evidence of George W. Hise’s declarations were admissible to affect the interests of the other devisees, the Court is of opinion, that there was, yet, error in the effect given to
 
 *141
 
 them, as establishing, if true, a legal revocation. The Act of 1819, Rev. Stat. ch. 122, sec. 12 and 13, contains substantially the same provisions on this subject with those of Stat. 29, Charles 2, and therefore is to receive the like construction. No devise of lands nor will of personalty, is revocable, otherwise than by some other will, or writing declaring the same, or by burning, cancelling^ tearing, or obliterating the same by the devisor or testatur, or in his presence and by his direction or consent, and all devises of land and bequests of personal estate “shall remain and continue in force,
 
 until
 
 the same be burnt, cancelled, torn or obliterated by the devisor or testator, or in his presence and by his consent and direction, or unless the same be altered,” &c. It is obvious, that the main purpose of the Act is to alter the rule of law, by which the revocation of a written will, duly attested, could formerly be established by parol proof merely; and that is done, by requiring the intention to revoke to appear,’ not merely from the mouths of witnesses, but also by some overt act, apparent in another writing, or on the paper itself, alleged to have been revoked. It is to be done by another will or writing, or by the destruction of the paper by burning, cancelling, tearing or obliterating. Now it is impossible to say here, that the paper was
 
 burnt,
 
 cancelled, torn or obliterated. It is true a great fraud was practised on the dead man by his son’s pretending to burn the will, while he in fact preserved it; that is, if it can be assumed upon the evidence, that such were the facts. But the very question is, whether upon this parol evidence, by itself, an intention to revoke can be found, or, if the intention be granted, whether the law will allow such intention to burn and revoke to be, in fact and law, a burning and revocation. The statement of the question seems to furnish an answer to it in the negative. The statute positively requires things to be done, and not merely said or intended to be done. The Court
 
 *142
 
 cannot dispense with those acts, upon the ground, that, in requiring them, the statute put it in the power of a bad man to deceive and defraud a testator. That was for the consideration of the legislature ; which body has, nevertheless, used language on the subject which is clear and explicit, and which, therefore, the judiciary must observe, though, in a few very extraordinary cases, it admits the possibility of fraud and imposition. For it is clear, the legislature deemed it the better policy
 
 to
 
 submit
 
 to
 
 that inconvenience in a solitary instance, now and then —since human sagacity is not competent to guard perfectly against fraud of every kind — than to let in the more extensive and frequent mischief, arising from perjuries committed in proving verbal directions to burn or cancel a will, and a supposed belief of the
 
 testator,
 
 that it had been done. . We conceive the words of the Act are diametrically opposed to the hearing of any evidence of the land, and that, to effect a revocation of a will, there must be deeds, within some one of the definite words used. The counsel opposed to the will have adduced but one case, having any analogy to the present, and that is very slight. It is that of
 
 Bibb
 
 v.
 
 Thomas,
 
 W. Blac. Rep. 1043, where the will was slightly torn by the testator and thrown by him into the fire and slightly burned, and it was
 
 held,
 
 that it was revoked, notwithstanding another person took it out of the fire, and preserved it, without the knowledge of the testator. But the reason given for it was, that the case fell within two of the specific acts described in the statute, namely, tearing and burning; for, though the burning was very slight, yet, having come from the act of the testator in throwing the paper on the fire, with intent to burn it, that was sufficient within the statute. In
 
 Doc dem. of Reed
 
 v.
 
 Harris,
 
 6 Adolph. & El. 209, Lord Denman, in speaking of that case, expresses a doubt, whether the proof there would now be deemed sufficient. But it is not necessary to question it at present, as our case is
 
 *143
 
 essentially different in the very facts, on which
 
 Bibb
 
 v.
 
 Thomas
 
 was put, since here neither tearing nor burning happened in the slightest degree. And, on the contrary, the case of
 
 Doe
 
 v.
 
 Harris,
 
 is directly in point to the question before us. There, an old and infirm man threw his will, inclosed in an envelope, into the fire, and a devisee in the will snatched it off, a corner of the envelope only being burnt, but promised the testator to burn it, and pretended to have burnt it. Yet the Court was unanimous^ that the will remained in full force, and that very devisee recovered under it in ejectment. It was so held,.by forcé of the words, requiring the palpable acts of burning and so forth, in exclusion of intentions and unexecuted attempts, shewn merely by parol, which it was the policy of the law not to hear by itself. The judgment in that case proceeds, we think, upon a sound interpretation of the statute, and it is decisive of the question here. Indeed Mr. Justice Williams, in his argument, puts, by way of illustration, the very case stated in this bill of exceptions. His words are these : “It is argued,' that, if a testator throws his will dfi the fire, with the intention of destroying if, and some one, without his knowledge, takes it away, that is a fraud, which ought not to defeat his act. But so it might be said, that, if a testator sent a person to throw it on the fire and he did not, the revocation was still good. Where would such constructions end ? The «fleet would be to defeat the object of the statutes, which was to prevent the proof of cancellation from depending on parol evidence.” That case is the stronger, because, in a subsequent case, the Court held, upon the same facts, that, as to copy-hold lands, which are not embraced in the statute of frauds, this will was revoked.
 
 Doe dem. of Reed
 
 v. Harris, 3 Adolph. & Ellis,
 
 I
 
 .
 

 Per Curiam.
 

 Judgment reversed and
 
 venire de novo.